

# THE ATTORNEY GENERAL
## OF TEXAS

**AUSTIN 11, TEXAS**

GROVER SELLERS
XXXXXXXXXXON
ATTORNEY GENERAL

Honorable Jesse James
State Treasurer
Austin, Texas

Dear Mr. James:

Opinion No. O-7010

Re: Whether or not a warrant which
has been paid by the State Treasurer,
but which was later charged back to
the bank, which had presented it,
and received payment thereof because
of a lack of proper endorsement, may
be paid when presented again properly
endorsed, if such re-presentation is
beyond the date allowed by statute
for presentation.

Your request for an opinion upon the above subject matter is as follows:

"Will you please give me your opinion as to whether we would be barred from repaying a warrant under the following conditions:

"The warrant in question was dated May 24, 1943, and has been paid by this department. The endorsement thereon is now questioned. If we now charge this warrant back to the bank that presented it to us, can we repay the warrant when it is again presented, properly endorsed, even though the date of the warrant would bar it from payment if it had never before been presented?"

Article 4371 of the Revised Civil Statutes, insofar as applicable to your inquiry, is as follows:

"* * *. No money shall be paid out of the Treasury except on the warrants of the Comptroller, and no warrant shall be paid by the Treasurer unless presented for payment within two years from the close of the fiscal year in which such warrant was issued, but claims for the payment of such warrants may be presented to the Legislature for appropriations to be made from which such claims may be made."

Now, the language, "and no warrant shall be paid by the Treasurer unless presented for payment within two years", etc., means that such claim must be thus presented by the payee, or some other person shown to be entitled to present and collect such warrant as by endorsement by the payee, to the end that the Treasurer may lawfully pay the same.

While State warrants are not negotiable instruments, nevertheless it has been held that the language, "presented for payment", in connection with a State warrant, has the same meaning as when that language is used in our Negotiable Instrument Law. (See Opinion No. 0-1362).

If not thus presented by one entitled to receive payment, and to one whose duty it is to make payment, there has been no presentation, within the meaning of the statute.

If the warrant in question was paid without a proper endorsement, showing the right to receive payment to be in the person presenting the same, then it was wrongfully paid, and if you should now charge the warrant back to the bank that presented it, the bank agreeing to the charge-back, the State will still be legally liable for the item to the proper owner of the warrant, but under the statute above quoted you will not be authorized to pay the same upon presentation, even though properly endorsed, for the reason the period of limitation for presentation of warrants has expired.

This statute of limitation, however, being merely a statute, it would be in order for the Legislature to authorize the payment, and correspondingly your duty to make payment within such time as thus authorized by the Legislature.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By s/ Ocie Speer
Ocie Speer
Assistant

OS:MR:wc

APPROVED JAN 12, 1946
s/Carlos C. Ashley
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee By s/BWB Chairman